## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DARRYL LIGONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-cv-653-TLW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act. (Dkt. # 22). Plaintiff seeks an award of attorney fees pursuant to 28 U.S.C. § 2412 (the "EAJA") in the total amount of $3,633.10. The Commissioner does not object to the request. (Dkt. # 24).

Title 28, Section 2412 of the U.S. Code requires the United States to pay attorney fees and expenses to a "prevailing party," unless the Court finds the position of the United States was substantially justified, or special circumstances make an award unjust. 28 U.S.C. § 2412(d). The United States bears the burden of proving that its position was substantially justified. Kemp v. Bowen, 822 F.2d 966, 967 (10th Cir. 1987). In addition, once an EAJA application is filed, the government must justify both its position in any underlying administrative proceedings and in any subsequent court litigation. Hackett v. Barnhart, 475 F.3d 1166, 1170 (10th Cir. 2007). Since the government does not object to the requested award, there can be no finding that the government has met its burden of showing that its position was substantially justified.

Only "reasonable attorney fees" may be awarded under the EAJA. 28 U.S.C. § 2412(d)(2)(A). The Court is required to examine the request to determine whether the fees

requested are reasonable, and the plaintiff bears the burden of proving that the requested hours are reasonable. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983). Plaintiff seeks an award for 18.4 hours of attorney time and 4.1 hours of paralegal time on this federal action. The Court has reviewed the time records submitted by plaintiff's counsel and finds them to be reasonable.

Based on the foregoing, plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (dkt. # 22) is GRANTED. Plaintiff is awarded $3,633.10 in attorney fees. Pursuant to the Commissioner's usual practice, the check should be made payable to plaintiff and mailed to counsel's address. <u>See</u> <u>Manning v. Astrue</u>, 510 F.3d 1246, 1254-55 (10th Cir. 2007) (the award of EAJA attorneys' fees is to claimant and not to the attorney). If attorneys' fees are also awarded and received by counsel under 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to plaintiff pursuant to <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986).

SO ORDERED this 17th day of September, 2012.

_____
T. Lane Wilson
United States Magistrate Judge